We will hear argument next in Case No. 21-2090, United States v. Holland, and this will be revised to... Mr. Friefeld, are you there? Yes, I am. Okay, we're ready when you are. We don't see you, so I guess is it just audio? Yes, as far as that, that's what I was informed of. I apologize that for some reason my video was important. Okay, okay. We're ready when you are. Good morning. My name is Andrew Friefeld on behalf of Matthew Holland. I did not represent Mr. Holland. In Point 1 of the government's brief, they rely on the appeal waiver in the plea agreement. I spent over 10 pages in my brief arguing that the appeal waiver is unenforceable because the district court, during the allocution, implied that all defendants who plead guilty must waive their right to appeal, and that only trial defendants retain their right to appeal. This argument was completely ignored by the government in its brief, so we maintain that as to Point 1 in our brief, we maintain that the appeal waiver doesn't apply because we're attacking errors in the proceedings that led to the guilty plea, and in any event, if it does apply, it's unenforceable. Is there any suggestion that he would not have pled guilty if the waiver thing had been different? No. No. There's not. Then why is it inappropriate for us to treat it as a waiver, which is what he did? The plea allocution regarding the waiver was insufficient, so it wasn't knowing and intelligent in that way. He was under the impression, based on the allocation, that all defendants who plead guilty must waive their right to appeal. So therefore, the appeal waiver doesn't apply, and the court should consider everything that's set out in Points 1 and 2 of our brief. The next point I'd like to make is regarding Paragraph 74 of the plea agreement. The government required Holland to stipulate that in his photography studio there was a camera that he installed above a changing room. I'm sorry, counsel. Did you just say the government required him to stipulate? Yes. Isn't that a contradiction in terms? How can someone require someone else to agree with them? Stipulation, by definition, is an agreement. Right? I'll withdraw that in that case. Yes, there was an agreement. It was a stipulation. So your client – if you're reframing the sentence, you're saying my client agreed with the following. Yes. I'm prepared to say that. Okay. My client agreed that by placing a camera above a changing room in a photography studio, he was attempting to obtain a child pornography. Now, I submit to this court that's impossible. The court – as a matter of law, it's impossible that a camera going through a ceiling in a changing room is going to be able to obtain the lascivious exhibition of a child's anus, genitals, or pelvic region. I'm sorry. How is that impossible if a child is naked? The camera is coming down. It's – the camera is on the ceiling facing down. How – I don't see how, I submit, a camera facing down can capture in a changing room in a photography studio. It all depends on what the child is doing there. A child may lie down. Well, if they're standing on their head – I guess if they're standing on their head, it's possible, but I don't see how the normal – I don't – that's my argument. That it's against nature that Holland could have believed that he would be capturing such a lascivious exhibition by putting that camera. So when I say that, yes, Holland agreed to that, it's true that Holland agreed to that. But to be clear, it was the government that insisted on that term, and I submit to the court that it should pierce the plea agreement by saying that this is a misrepresentation that the government – they represent it to him. And we can prosecute you for production of child pornography because you put a camera above this changing room. And he considered that valuable consideration. And, counsel, presumably he knew what was in these photos, right, or these recordings? Well, there's – presumably, yes. Okay, and the government knew? Presumably, yes. And they agreed on what those photos show, right? And you're asking us to imagine that that fact can't possibly be true, that it would defy physical realities for a camera in a changing room that is aimed at children who are taking their clothes off could possibly display their privates. You're saying that is a physical impossible – you're asking us to imagine that fact. The camera – the only fact that you didn't mention, Your Honor, I believe, was that the camera was pointed downwards through the ceiling. Right, and you're saying that that makes it impossible. A camera mounted in the ceiling is impossible for that to capture a child naked. That's what your argument is based on? No, the argument is that it's impossible to capture the lascivious exhibition of the child's private parts. Yes, that is the argument. And I maintain also that the other provisions in 7B, the other types of child pornography that Holland agreed to were not in fact child pornography. And I explained that in the brief. I think that – I'd like to address briefly the substantive reasonableness issue. The government claims that there were 35 victims here. According to paragraph 61 of the PSR, over 20 of them were from this photography studio changing room. Counsel, you make an argument that the attorney below was inadequate. In what way? Well, among other – he didn't – he wasn't – he was inadequate for advising his client that he could stipulate to think that he tried to create child pornography involving prepubescent minors when, in fact, he never did. Okay. The record shows that. That's the argument that by agreeing to do that, even though that meant that he could avoid the possibility of a life sentence, that this was inadequacy. Right? Yes. He should have been truthful. Good. He should have been truthful to the court. No, I got it. Thank you. Okay, yes, Judge. In addition, he didn't appear – my client didn't have the plea agreement, the plea, and he wasn't with his counsel at the time. There were a couple of other things that I put in there, but yes, Your Honor, that was the heart of it. That was the heart of my claim. Thank you. The government said there were 35 victims here, and that justifies the 50-year sentence. According to paragraph 61 of the PSR, over 20 of the victims were from the photography studio, and there's no allegation, by the way, that any of the photographs that came from the photography studio included the Lasidius exhibition. It's just the charges are that it was an attempt. So when the government claims 35 victims, I ask you to keep in mind that 20 of them were allegedly from the photography studio. In addition, another five were from the other paragraphs – were from the other sub-paragraphs in paragraph 7 where I argued to you that there was no – But if there was a valid waiver, this doesn't matter, does it? I mean if there was a valid waiver, that's your first argument, but if there was a valid waiver, we don't look into this question, do we? That's absolutely correct. Yes. Yeah. On the substantive reasonableness issue, I concede the appeal waiver. I don't concede that on point one. I do maintain that both go to the heart of the deal, if you will. Thank you. Okay. Thank you, Mr. Freffel. You're reserved two minutes for rebuttal. We'll hear from the government. Good morning. May it please the court, Catherine Gregory representing the United States. This court should affirm the judgment. The appeal waiver provision bars Mr. Holland's arguments as to reasonableness of the sentence, and the remaining arguments boil down to this allegation that one of the three categories of materials supporting that possession count did not constitute child pornography. But that argument runs squarely up against this court's decision in U.S. v. Spork and more recently in U.S. v. Close, which Mr. Holland cited as a substantially similar case. Now, I agree that that is a very similar case, and this court should take the same tact that it took there, while not precedential, and view this as a Rule 11 challenge to the factual basis for the plea. And under that standard, this would be more plain error. Now, Close was slightly different in that he did not have an appeal waiver provision. But if we put that to the side for a moment, it was the same situation where there were surreptitious recordings of his students. He was a music teacher. He made no objections, like Mr. Holland made no objections, to the factual basis for the plea. He made no motions, like Mr. Holland made no motions, claiming that these materials were not child pornography. And then on appeal, asserted that, in fact, in his view, these did not constitute child pornography. Now, he, Mr. Close, made the claim that this was some kind of constitutional, as-applied challenge. But the government argued, and this court agreed, that it was actually a Rule 11 claim. Now, the court should take the same tact in this case, where Mr. Holland did not object below, never filed any motions claiming that these materials did not constitute child pornography, never objected to the factual basis for the plea, either in the agreement itself that he negotiated and agreed to, or during the clock week. And for all these reasons, it doesn't matter whether Judge Siracusa, in imposing a 50-year sentence, compared it to cases which are really much more serious than this. But none of that matters, given the waiver of the agreements and everything else. That's correct, Your Honor. The appeal waiver was very specific in that, notwithstanding the manner in which the district court arrived at the number, he was waiving his right to appeal 600 months or less. And that is, in fact, what he was sentenced to. There's no basis in this record to determine that he actually was confused by Judge Siracusa's explanation, or that he wouldn't have pled guilty but for that alleged confusing statement. Counsel, can I just ask you, I know that the appellant raises a number of arguments relating to the appellate waiver about other portions of the Rule 11 colloquy. But I didn't understand him to be raising any arguments about the knowing and intelligent waiver of his appellate rights, specifically. Am I reading this case correctly? Is that what's at issue here, or rather not been made an issue? That's what I read it as as well, Your Honor. When I say that there wasn't anything in there about him actually being confused, that's what it's going to. So when he says that this explanation was incorrect, he doesn't say that it was actually, actually confusing to him, that he actually didn't understand it. And Judge Siracusa did make sure that he had discussed the agreement with his attorney. He never expressed any confusion during the colloquy, although I think Judge Siracusa did go into a little bit about what the collateral waiver is, because nobody, in his words, nobody understands what that is. So he did on his own. What position do you take on the inadequacy of counsel? Is it something we can deal with, or should we leave it to habeas? Typically, this court does not hear ineffective assistance on direct appeal because matters of strategy, matters of what… Yeah, but we sometimes do. Do you think that we can handle it now, or we should leave it for habeas? In this case, the court could, I think, reject it on the merits, because you can see in paragraph 33 of the plea agreement on 852 of the appendix, all of the charges, the additional charges that could have been avoided, that were avoided by this plea in Potempa life imprisonment. So counsel was very adept at negotiating what was a beneficial plea agreement. He also negotiated a plea agreement where the government agreed not to oppose the reductions for acceptance of responsibility. So he did zealously represent his client. But the fact of the matter is, in light of U.S. v. Spore, there were very few arguments that I see that he could have made regarding any of these issues. And part of the argument that I saw with the ineffective assistance was that on appeal, Mr. Holland is claiming his attorney was not zealous enough. But that's such an abstract and nebulous concept on this record that it just does not rise to the level of falling below the standard of representation. So I think that the court could reject it on the merits, but if there's even a shadow of a question of how zealous counsel was or the conversations that he had with Mr. Holland, this court should leave it for a 2255 proceeding. But on these facts, in light of U.S. v. Spore, there was no error, let alone any plain error in this record that affected either Mr. Holland's substantial rights or the integrity or fairness of the proceedings. And we ask the court to affirm the judgment. Thank you, counsel. Thank you. Mr. Freifeld, you have reserved two minutes for rebuttal. I argued in the brief in no uncertain terms that the appeal waiver is ineffective – excuse me, the appeal waiver is unenforceable by this court under Rule 11 because Judge Siragusa did not determine that Holland understood what it meant. Based on the court's questions, he implied to Holland, you understand that all defendants – essentially, all defendants who plead guilty must waive their right to appeal. I'm sorry, where does it say that? Could you just give us a page so we can follow you? You want to know where that is? Yeah. Give us just a page in the appendix so we can follow along with your argument. 90 through 91. Okay, and just direct us to which line? Yes, Your Honor. Just beginning on line 10, page 90. If you were – it says if you were – line 13 specifically. Yeah, read me what it says. Yes, Your Honor. It says I want to go over the appeal waiver. Now, briefly, I want you to understand if you were convicted of these charges after a trial, either one or both, you could appeal your conviction or convictions to the higher court. The court above me is called the Second Circuit Court of Appeals. What could you do? Well, you could claim that I did something wrong, this is someone – other people did something wrong, and that the jury reached a wrong verdict. However, under this portion of the agreement, you are consenting, Mr. Holland, that is agreeing to give up your right to appeal or collaterally attack. And that's it. And my argument is that under Rule 11, which requires the court to be assured that the defendant understands the appeal waiver, this colloquy was insufficient for that purpose. And I'm sorry. I thought you were arguing that he had said – the judge told the defendant that everyone who pleads guilty necessarily gives up their right to appeal. But I read here – he says under this portion of the agreement, you agree to give up your right to appeal. Where does he say what you said? Well, I was taking it to its logical conclusion. The answer, though, to your question is Line 13 and 14. I want you to briefly understand if you were convicted of these charges after trial, you could appeal. My argument is that the implication is if you're not convicted after trial but you're convicted without a trial, you can't appeal. So your argument is that he was explaining this entire appeal waiver in the context of sort of a consequence of his waiver of the right to trial. This is what flowed from the waiver of trial. Not that he was independently waiving his right to appeal. Is that what you're suggesting? If I understood your question, Judge, yes. The answer is yes. Okay. No, that's helpful. Thank you. And I want to – if I could just make this final point on this point. Throughout the plea colloquy, the court says if you're convicted under Cap 1 after plea or after trial, you're facing 15 to 30. If you're convicted under Cap 2 upon plea or after trial, you're facing zero to 20. Here when he talks about the appeal waiver, he focused the defendant's attention solely on the trial, and for those reasons the court should deem the appeal waiver unenforceable. Thank you. Thank you, counsel. Thank you both. We'll take the case under advisement.